## ROEDER *v.* NIEDERMEIER.

SURETIES—CONTRIBUTION.

The right of a surety, who pays a judgment against his principal, to contribution from his co-surety, is not lost by the fact that he has accepted a conveyance of the principal's land, to be sold for the best price obtainable, the proceeds applied to the payment of such sums as he may be obliged to pay as surety, and the balance paid over to the principal, since the transaction amounts, not to a sale in consideration of the surety's undertaking to pay the entire amount of the obligation, but to a transfer of the property in trust by way of security inuring to the benefit of both sureties.

Appeal from Monroe; Kinne, J. Submitted April 14, 1897. Decided May 11, 1897.

Bill by Jacob Roeder against Frederick Niedermeier and Charles Mainzinger to set aside a deed, alleged to have been made in fraud of complainant's right to contribution. From a decree dismissing the bill, complainant appeals. Reversed.

*Charles A. Golden* and *Willis Baldwin*, for complainant.

*Landon & Lockwood*, for defendants.

HOOKER, J. The complainant and defendant Niedermeier were co-sureties for one Schmelzer upon an executor's bond, upon which a judgment was rendered on February 26, 1895, for the sum of $6,964.97. An execution was levied upon several parcels of land the record title to which was in complainant, and a parcel of land which Niedermeier owned up to the day before the entry of judgment, when he deeded it to defendant Mainzinger. The complainant thereupon paid the judgment, and filed the bill in this cause, praying an accounting and con-

tribution as against Niedermeier; that the conveyance to Mainzinger be decreed fraudulent; that complainant be subrogated to the rights of the execution creditor, and the premises subjected to the execution for the amount that shall be found due to him from Niedermeier.

The defendants allege two reasons why complainant's bill should be dismissed, viz. :

1. That Schmelzer had paid complainant for assuming the entire amount.
2. That the conveyance to Mainzinger was not fraudulent.

The first of these propositions is predicated upon the following transaction: Complainant was surety for Schmelzer upon a guardian bond in the estate of one Grauf, which was given in 1884. In the year 1892 a settlement of Schmelzer's account as guardian showed him in debt to his ward to the amount of $1,527.99, for which the complainant was liable as surety upon the bond mentioned, whereupon a deed of certain real estate and an assignment of personal property were executed and delivered to the complainant; the considerations named in the instruments being, respectively, $7,000 and $1,000. These writings were absolute in form, but were subject to mortgages and liens amounting to $1,976.64; and at the time they were given the complainant executed and delivered the following writing to Schmelzer, viz. :

"*Whereas*, Christian Schmelzer has this day conveyed to me a house and lots and store lot described in said deed of conveyance, and his household furniture, fixtures, and goods, I do hereby promise and agree to and with said Christian Schmelzer as follows: I will sell said property for the best price I can obtain for the same, and will pay to said Schmelzer so much of the proceeds of said sale as shall be left, if any, after the payment of such sum or sums as I may be obliged to pay as surety upon the guardianship bonds of said Schmelzer in the estate of Minnie Grauf *et al.*, minors, and estate of William

112 MICH.—39.

Roeder *et al.*, minors, and as administrator of estate of Mary Roeder, deceased.

"JACOB ROEDER.

"Dated December 3, 1892."

This property has since been in the possession of complainant, it having been occupied in whole or in part by Schmelzer, for a time after the sale, upon an agreement to pay rent; but he failed to do so, and vacated the premises, which complainant has since rented to others, it being claimed by him that neither he nor Schmelzer (to whom he says he gave the privilege of selling the same) has been able to find a purchaser. Both seem to agree that the consideration named in the deed was made $8,000 at Schmelzer's request, with a view to its aid in making an advantageous sale, and we are satisfied that the sum named was nearly or quite double its actual value. The defendants contend that this transaction amounted to a sale, upon the undertaking of the complainant to pay the amount of Schmelzer's obligations upon both bonds. Complainant, on the other hand, maintains that the property was taken in trust by way of security, and that he is willing to have it sold, and any balance left after satisfying the guardian's bond applied to the Roeder judgment for the equal benefit of himself and his co-surety, Niedermeier. While the circuit judge dismissed the bill upon the hearing, it is significant that he did so without prejudice to future proceedings for contribution, from which it is inferable that he was not convinced that the complainant was under an obligation to Schmelzer to pay this judgment. An examination of the testimony has convinced us that the complainant's contention is the just one. That the instruments, taken together, gave Schmelzer a right to redeem the property upon payment of the two claims, would be held by any court of equity. It contains no express promise to pay anything.

The case appears to have turned upon the honesty of the transaction between these defendants. The judge saw the witnesses, and evidently was convinced that

there was no collusion in the transaction. But we think the testimony is quite convincing that the transfer was made to prevent the collection of this judgment, and it was not justified by a claim that it should be wholly paid by the complainant. Many circumstances indicate a knowledge of Niedermeier's condition, and a willingness to aid him. Mainzinger's own testimony shows that Niedermeier is defending the case, and that he has no fear of loss in the matter if complainant should be granted the relief prayed. Under these circumstances, we think he cannot equitably ask that Niedermeier's creditors should suffer a loss.

We therefore adjudge that the deed from Niedermeier was fraudulent as to the Roeder estate and the complainant. Niedermeier is liable to the complainant for his half of the judgment debt, which we understand to be $7,067.-74, with interest from May 20, 1895; and the premises are adjudged subject thereto, except that the indebtedness assumed by Mainzinger shall have precedence. Mainzinger shall be credited with one-half of any amount that has been or may be realized from the Schmelzer property, after the payment of the liens subject to which complainant took it, and the amount of the Grauf indebtedness. The cause will be remanded to the circuit court, with directions to take an accounting of the property received by the complainant from Schmelzer, and to cause said property to be sold, and applied first to the payment of the pre-existing liens thereon, and complainant's claims arising out of the Grauf matter, the remainder, if any, to be applied upon the execution in this case, and thereafter to cause the amount remaining due to be collected from the premises in controversy (unless defendants shall pay the same) and paid to the complainant, who is entitled to be subrogated to the rights of the judgment creditor in the premises. Complainant will recover costs of both courts.

The other Justices concurred.